**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **L.D. and J.D.-1**

**No. 23-64** (Wood County CC-54-2022-JA-222 and CC-54-2022-JA-223)

**MEMORANDUM DECISION**

Petitioner Father J.D.-2[1] appeals the Circuit Court of Wood County's January 4, 2023, order terminating his parental rights to L.D. and J.D.-1,[2] arguing that the DHS failed to establish by clear and convincing evidence that petitioner committed sexual abuse as alleged in the petition. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In July 2022, the DHS filed a petition in reference to a referral stating that L.D. disclosed an incident where she awoke to petitioner "touching her privates" while she was sleeping. In response to the allegations, Children's Listening Place conducted a forensic interview with the child. During the interview, the child disclosed that she sometimes felt unsafe around petitioner when they were alone. The child further confirmed that she awoke to petitioner touching her genital area. Another child, J.D.-1, also resided in the home.

The circuit court held an adjudicatory hearing in September 2022, where it took judicial notice of the child's forensic interview. The forensic interviewer testified that during the interview, the child disclosed that the child awoke to petitioner touching her genital area and that she did not feel safe with petitioner when they were alone. The child's mother testified that the child told a

---

[1]Petitioner appears by counsel Jeremy B. Cooper. The West Virginia Department of Human Services appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General James "Jake" Wegman. Counsel Kevin White appears as the children's guardian ad litem ("guardian").

Additionally, pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e). Additionally, because they share the same initials, we refer to the child as J.D.-1 and petitioner as J.D.-2.

1

family member that petitioner touched her while she was asleep. When the mother confronted petitioner about the incident, he told her he "would never have done it on purpose" and that "he thought [the child] was [his wife] and made a mistake." During petitioner's testimony, he denied touching the child and denied making any statement about mistaking the child for his wife. He further testified that the child had "fibbed" about things in the past but nothing this serious, explaining that he did not want to call her a liar, but it must be a lie because he would never touch his children inappropriately.

Following the testimony and evidence, the circuit court entered an order finding that petitioner sexually abused L.D. by touching her vaginal area over her underwear while she was sleeping. In the order, the court found that the child was credible in her statement given during the forensic interview and that her disclosure was corroborated by her mother's testimony, "who testified that her niece told her that [the child] had disclosed that [petitioner] had touched her vagina; that she confronted [petitioner] that same day with the allegations; and that [petitioner] admitted that he touched [the child] believing that it was [his wife]." The court further found that the mother's testimony was credible, but petitioner's testimony was not credible. Accordingly, the circuit court adjudicated petitioner as an abusive parent to both L.D. and J.D.-1 due to the sexual abuse of L.D. Because petitioner challenges only his adjudication, it is sufficient to note that the circuit court terminated petitioner's parental rights following a dispositional hearing in January 2023.[3] It is from the dispositional order that petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). First, petitioner argues that the evidence presented at adjudication was not sufficient to support a finding of sexual abuse. Upon our review, we disagree. As we have explained,

> "[West Virginia Code § 49-4-601(i)], requires the [DHS], in a child abuse or neglect case, to prove 'conditions existing at the time of the filing of the petition . . . by clear and convincing [evidence].' The statute, however, does not specify any particular manner or mode of testimony or evidence by which the [DHS] is obligated to meet this burden." Syllabus Point 1, *In Interest of S.C.*, 168 W.Va. 366, 284 S.E.2d 867 (1981).

Syl. Pt. 1, *In re Joseph A.*, 199 W. Va. 438, 485 S.E.2d 176 (1997) (citations omitted). Here, the DHS clearly satisfied the applicable burden, given the evidence of the child's disclosures in a forensic interview, the forensic interviewer's testimony regarding the child's disclosures, and the mother's testimony regarding petitioner's admission that he mistakenly believed the child was his wife. Further, the circuit court specifically found that the child's disclosures in the forensic interview and the mother's testimony were credible, while petitioner's testimony was not credible. As we have consistently held, "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations." *Michael D.C. v. Wanda L.C.*, 201

---

[3]The permanency plan for the children is to remain in the custody of their mother.

W. Va. 381, 388, 497 S.E.2d 531, 538 (1997). As such, we find no error in the circuit court's adjudication of petitioner.

Finally, petitioner argues that the circuit court's written findings within the adjudicatory order are insufficient, pointing out that Rule 27 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings states that, at the conclusion of the adjudicatory hearing, "the court shall make findings of fact and conclusions of law, in writing or on the record, as to whether the child is abused and/or neglected." However, we find that the circuit court's order comports with this rule. Specifically, the order details the child's disclosures during the forensic interview that petitioner touched her genital area while she was sleeping and found the child's disclosures to be credible. The order further details the mother's testimony regarding petitioner's admission that he mistakenly touched the child believing it was his wife and found the mother's testimony to be credible. We cannot say that the abuse and neglect process was substantially disregarded or frustrated by the order, and, thus, petitioner is entitled to no relief. *See* Syl. Pt. 3, *In re Emily G.*, 224 W. Va. 390, 686 S.E.2d 41 (2009) (requiring vacation of an order where "the process . . . for the disposition of cases involving children [alleged] to be abused or neglect has been substantially disregarded or frustrated").

For the foregoing reasons, we find no error in the decision of the circuit court, and its January 4, 2023, order is hereby affirmed.

Affirmed.

**ISSUED**: April 15, 2024

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn